[Cite as *State v. Binkley*, 2013-Ohio-3695.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| BRUCE ALLEN BINKLEY | : | Case No. 2013CA00014 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:                    Appeal from the Court of Common
                                            Pleas, Case No. 2012CR1343(A)


JUDGMENT:                                   Affirmed


DATE OF JUDGMENT:                           August 26, 2013


APPEARANCES:

For Plaintiff-Appellee                      For Defendant-Appellant

JOHN D. FERRERO                             EUGENE O'BYRNE
Prosecuting Attorney                        101 Central Plaza South
                                            Suite 500
By: RONALD MARK CALDWELL                    Canton, OH  44702
110 Central Plaza South
Suite 510
Canton, OH  44702-1413

*Farmer, P.J.*

{¶1} On October 2, 2012, the Stark County Grand Jury indicted appellant, Bruce Allen Binkley, on one count of illegal manufacture of drugs in violation of R.C. 2925.04 and one count of illegal possession of chemicals for the manufacture of drugs in violation of R.C. 2925.041. Said charges arose after police officers discovered certain items in appellant's vehicle which was parked at the residence of David and Susan Ashworth. Mr. Ashworth was in the process of making repairs to the vehicle. After Mr. Ashworth opened the trunk, police officers discovered items used to manufacture methamphetamine.

{¶2} On October 31, 2012, appellant filed a motion to suppress, claiming an illegal search and seizure. A hearing was held on November 7, 2012. By judgment entry filed November 8, 2012, the trial court denied the motion. Appellant filed a motion to reconsider on December 10, 2012. A hearing was held on January 2, 2013. The trial court did not change its previous ruling.

{¶3} On January 9, 2013, appellant pled no contest to the charges. By judgment entry filed January 16, 2013, the trial court found appellant guilty and sentenced him to an aggregate term of four years in prison.

{¶4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶5} "THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO SUPPRESS EVIDENCE IN VIOLATION OF HIS RIGHT AGAINST UNREASONABLE SEARCH AND SEIZURE AS GUARANTEED BY THE FOURTH

AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 14 OF THE OHIO CONSTITUTION."

I

{¶6} Appellant claims the trial court erred in denying his motion to suppress. We disagree.

{¶7} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. *State v. Fanning,* 1 Ohio St.3d 19 (1982); *State v. Klein,* 73 Ohio App.3d 486 (4th Dist.1991); *State v. Guysinger,* 86 Ohio App.3d 592 (4th Dist.1993). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. *State v. Williams,* 86 Ohio App.3d 37 (4th Dist.1993). Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry,* 95 Ohio App.3d 93 (8th Dist.1994); *State v. Claytor,* 85 Ohio App.3d 623 (4th Dist.1993); Guysinger. As the United States Supreme Court held in *Ornelas v. U.S.,* 517 U.S. 690, 116 S.Ct. 1657, 1663 (1996), "... as a general matter

determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal."

{¶8}  Appellant argues the police did not have a reason to conduct a warrantless search of his vehicle.  As explained by our brethren from the Sixth District in *State v. Washington,* 6th Dist. Lucas No. L-09-1186, 2010-Ohio-2580, ¶ 10:

> However, certain exigent circumstances allow warrantless searches.  For instance, a warrantless search may be permitted by the court when there is imminent danger evidence will be lost or destroyed if a search is not imminently conducted.  *Cupp v. Murphy* (1973), 412 U.S. 291, 294-296.  In the case of the automobile, a warrantless search may be permitted because of the inherent mobility of the vehicle if there is a risk the evidence would be lost or destroyed without an immediate search.  *South Dakota v. Opperman* (1976), 428 U.S. 364, 367.  In addition, a warrantless search may be permitted if necessary to protect or preserve life in the face of an immediate emergency.  *State v. Price* (1999), 134 Ohio App.3d 464, 468.  Finally, a warrantless search may be permitted if the contraband is in clear view of the officer.  *Thompson v. Louisiana* (1984), 469 U.S. 17.

{¶9}  During the first hearing, the trial court found the "plain view" exception to a warrant applied (November 7, 2012 T. at 47-48):

Nevertheless, upon approaching that vehicle they did in plain view see a peroxide bottle utilized with regard to Meth operations from the experience of the officer.

That, plus the prior information he had relative to the Defendant and the Defendant's operation in and of itself without regard to whether or not the Ashworths opened the trunk with a key at whose direction, that in and of itself, the viewing of what was in the vehicle and the prior information they had with regard to the Defendant would give probable cause to search that vehicle and the trunk of that vehicle.

{¶10} During the second hearing on the motion to reconsider, the trial court heard additional testimony and concluded the following (January 2, 2013 T. at 28):

Well, whatever the reasons, the Court is satisfied with the testimony of the additional hearing that's been provided to you. The officer has testified, he's re-testified under oath. He did, in fact, observe this infamous peroxide bottle in plain view.

There is no changes from the Court's previous decision. Motion to Suppress stands as overruled and will continue to be overruled.

{¶11} The focus of the second hearing was the credibility of the testifying officer, Alliance Police Detective Bob Rajcan. Appellant argues because his vehicle was up on jacks, it was not possible for Detective Rajcan to observe the peroxide bottle in plain

view.    Appellant supported his argument by pointing out that the bottle was not documented on the property sheet.

{¶12}  In *Harris v. United States,* 390 U.S. 234, 236 (1968), the United States Supreme Court held "it has long been settled that objects falling in plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence."  In *Texas v. Brown,* 460 U.S. 730, 738 (1983), then Justice Rehnquist explained the plain view doctrine does not set limitations on "open view" sightings:

> "***objects such as weapons or contraband found in a public place may be seized by the police without a warrant.  The seizure of property in plain view involves no invasion of privacy and is presumptively reasonable, assuming there is probable cause to associate the property with criminal activity."  A different situation is presented, however, when the property in open view is "situated on private premises to which access is not otherwise available for the seizing officer."***"[P]lain view" provides grounds for seizure of an item when an officer's access to an object has some prior justification under the Fourth Amendment.  (Citations omitted.)

{¶13}  In Katz, *Ohio Arrest, Search and Seizure,* Section 13.01, at 214 (1997 Ed.), a two part test is set forth that must be met to justify a plain view search and seizure: the "*intrusion* affording the plain view must be lawful" and the "incriminating nature of the evidence must be *immediately apparent* to the seizing authority."

{¶14} During an investigation of appellant relating to the manufacture of methamphetamine, Detective Rajcan conducted a follow-up interview with David and Susan Ashworth. November 7, 2012 T. at 6-7. As the interview concluded, Mr. Ashworth asked Detective Rajcan to check appellant's vehicle which was in his driveway up on jacks as he was going to replace the fuel pump. *Id.* at 7-8. Mr. Ashworth was concerned about items in the vehicle that could explode. *Id.* at 9. Detective Rajcan explained he could not "just go ahead and go in [appellant's] vehicle, but he could check himself while we were there." *Id.* Mr. Ashworth decided to open the vehicle and check himself. *Id.* at 10. As Mr. Ashworth retrieved the keys, Detective Rajcan walked up to the vehicle, looked into the passenger window, and observed a plastic bottle of peroxide "which is a precursor used in manufacturing Meth." *Id.* Mr. Ashworth unlocked the vehicle and opened the trunk. *Id.* A strong odor of fumes came from the vehicle. *Id.* Large garbage bag were found therein with "different things sticking out," containing items generally associated with the manufacture of methamphetamine. *Id.* at 10-11.

{¶15} During the second hearing, Detective Rajcan gave a reasonable explanation for the omission of the peroxide bottle from the property sheet (January 2, 2013 T. at 18-19):

I didn't think it was an issue or I would have documented it very thoroughly if I thought the plain view was an issue. The fact of the matter is, I wasn't searching this car. I got stopped as I was leaving. I ended up taking voluntary statements stating that they stopped me and did this for a

safety reason. I didn't think plain view was even going to be an issue. I never - - that never even came to my mind whatsoever that plain view was even going to be an issue in this case whatsoever or I would have documented it thoroughly in that case.

{¶16} After two hearings on the matter, the trial court resolved the credibility issue of Detective Rajcan's observation of the peroxide bottle in plain view in the state's favor. We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison,* 49 Ohio St.3d 182 (1990). The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 1997-Ohio-260.

{¶17} Clearly Detective Rajcan's presence on the property in and around the vehicle was lawful as the resident, Mr. Ashworth, asked him to remain on the property for safety reasons as he checked the vehicle, and Detective Rajcan was aware that peroxide was a "precursor used in manufacturing Meth." Accepting Detective Rajcan's testimony as true, the item was in plain view. Given this plain view observation with Detective Rajcan's knowledge about the owner of the vehicle and his suspected involvement in the manufacture of methamphetamine, we find the trial court did not err in denying appellant's motion to suppress.

{¶18} The sole assignment of error is denied.

{¶19} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.

By Farmer, P.J.

Wise, J. and

Baldwin, J. concur.


_____

Hon. Sheila G. Farmer


_____

Hon. John W. Wise


_____

Hon. Craig R. Baldwin


SGF/sg 85

[Cite as *State v. Binkley*, 2013-Ohio-3695.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                             :
                                          :
    Plaintiff-Appellee                   :
                                          :
-vs-                                      :          JUDGMENT ENTRY
                                          :
BRUCE ALLEN BINKLEY                       :
                                          :
    Defendant-Appellant                  :          CASE NO. 2013CA00014


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed. Costs to appellant.


_____
Hon. Sheila G. Farmer


_____
Hon. John W. Wise


_____
Hon. Craig R. Baldwin